**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

    v.

**DANIEL HAYS,**

        **Defendant.**

---

21 CR 6099 (FPG)

**SENTENCING MEMORANDUM**

## INTRODUCTION

I represent the defendant, Daniel Hays, in the above-captioned case. I submit this Sentencing Memorandum in support of Hays' request for a sentence that is sufficient, but not greater than necessary. Attached to this Memorandum is the following exhibit submitted for the Court's consideration:

    **Exhibit A**:    Letter Accepting Responsibility by Daniel Hays

## PROCEDURAL HISTORY

Daniel Hays pled guilty to one count of receipt of child pornography (18 U.S.C. § 2252A(a)(2)(A)) before your honor on July 19, 2021. A Presentence Report (PSR) was prepared on September 24, 2021, to which the defense has no objections. Hays has been in federal custody since his arrest on May 11, 2021.

Summarily, Hays engaged in a sexual Internet chat with a law enforcement officer, whom he thought was an 11-year-old girl. In one of the chats, he asked her to send him a naked photo. On May 11, 2021, Hays traveled from his home in Chaffee, New York, to Waterloo, New York,

to meet with the "minor" for sexual purposes, but was instead apprehended by law enforcement. Hays has been in custody since that time.

## SENTENCING FACTORS

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines ("USSG") were no longer mandatory. Although the Court must still properly calculate and consider the advisory Guidelines range, the Court may not presume this advisory range is reasonable and need only give this range fair consideration before imposing a sentence. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). The advisory Guidelines range now serves as merely an initial benchmark for sentencing, which is ultimately considered along with other 18 U.S.C. § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38 (2007). The section 3553(a) factors include: the characteristics of the offender and offense; the need for the sentence imposed; the legally available sentences; applicable policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparity; and the need to provide restitution, where applicable. Section 3553(a) mandates that any sentence imposed be sufficient, but not greater than necessary to meet the basic goals of sentencing including retribution, deterrence, incapacitation, and rehabilitation.

In *Gall*, the Supreme Court made clear that sentencing courts have great discretion in formulating appropriate sentences. *Gall*, 552 U.S. at 51 (recognizing that the sentencing judge is in the "superior position" to impose a sentence based on the unique facts and circumstances of the case). "[I]n the end, [the Court] must make an 'individualized assessment' of the sentence warranted by § 3553(a) 'based on the facts presented.'" *Jones*, 531 F.3d at 170 (quoting *Gall*, 552

U.S. at 50). In determining an appropriate sentence, 18 U.S.C. § 3553 mandates the Court to impose a sentence that is "sufficient, but not greater than necessary." Therefore, if the district court concludes that either of two sentences would properly serve the statutory purposes of § 3553(a), the lesser sentence must be imposed. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

## REQUEST FOR A NON-GUIDELINE SENTENCE

The advisory sentencing guidelines in this case are 168-210 months of confinement (PSR Para. 62). The mandatory minimum sentence for Hays's offense is 60 months of confinement and the maximum sentence is 20 years of confinement (PSR Para. 61). The defense does not object to the correctness of the calculation of the sentencing guidelines in the PSR, which are the same as in the plea agreement.

However, Hays did reserve the right to request a non-guidelines sentence in his plea agreement. He now requests a below-guideline sentence of **60 months** of incarceration for several reasons. These include:

1. **The Sentencing Guidelines**

The Sentencing Guidelines apply a cross-reference in this case to Guideline 2G2.1, production of child pornography (PSR Para. 61). The regular guideline for receipt of child pornography is contained at Guideline 2G2.2. The base offense level for the former guideline is 32, and the latter is 22. While he is not disputing the correctness of these guidelines, this still is a 10-level increase that is not reasonable in light of Hays' specific conduct. No child pornography was ever produced in this case and Hays was actually speaking to a law-enforcement officer the

entire time he was online. He was arrested as part of a law-enforcement sting and no child was ever victimized by this crime.

If this 10-level guideline increase were taken away, Hays' guidelines would be 57-71 months of imprisonment, instead of 168-210 months. This is quite a large discrepancy.

The Guidelines here would have the Court impose a sentence near the statutory maximum punishment for his offense – 20 years. This would be inappropriate -- given the offense and offender -- and would run counter to the 18 U.S.C. § 3553(a) factors.

The Court also should be aware that the guidelines have not been able to be revised since 2018, because the Sentencing Commission has not had a quorum to revise them. Several courts have since recognized that many of the guidelines are outdated, too severe, and not grounded in empirical research. This is especially the case with the child pornography guidelines. The guidelines have lost relevance and applicability because they have not kept up with the courts or sentencing policy. They are stuck in time, and this was never the intent of the law that created them, the Sentencing Reform Act of 1984.

The Sentencing Commission only has one member now, Judge Charles Breyer of the Northern District of California. His term actually ended on October 31, 2021, but was extended because he is the only member of the Commission. In a news interview earlier this month, Breyer stated that without new members, the Commission also will remain unable to update the guidelines, including in ways that could guide judges to impose shorter sentences than the guidelines currently advise in some instances. "I think it's urgent because it's important to make sentencing relevant to the views people have today," Breyer said.[1]

---

[1] *See* U.S. Sentencing Panel's Last Member Breyer urges Biden to Revive Commission *at* https://www.reuters.com/legal/government/us-sentencing-panels-last-member-breyer-urges-biden-revive-commission-2021-11-11/

While the Court must consider the Sentencing Guidelines in this case, little weight should be placed on them, as they do not adequately represent the offense and would provide a draconian punishment in this case if they were applied. Furthermore, it is well accepted that the Court is free to disagree with the guidelines even based on policy considerations.

2. **The Offense**

The Court should be aware that this is an attempt offense. While this does not excuse Hays' conduct, it certainly places it into a much different context.

The social media profile that Hays initiated communications with outwardly stated that it was for an 18-year-old woman (PSR Para. 21). However, at the beginning of the chats, the undercover agent behind the profile said that she was actually 11 years old. Hays then continued to chat with her and stated that he was 41 years old. These internet chats continued between April 27, 2021 and May 11, 2021, the day of Hays' arrest. This was only a two-week period.

While Hays admits asking for naked pictures of the undercover agent, none were sent. Hays did send a picture of his penis to the undercover agent. However, the chats were not especially graphic or crude like many similar cases and defendants. As read, the chats are not filthy or shocking, and are contained in the Offense Conduct Section of the PSR.

When Hays was arrested, he immediately took responsibility for his actions. He waived his *Miranda* warnings, consented to a search of his phone, and admitted that he was chatting with someone whom he thought was 11-years old. Hays even handwrote an apology letter to "Wanda", the fictional grandmother of the girl:

> 5-11-2021
>
> To: Wanda, (I am very sorry)
>
> My name is Daniel Hays, I was texting with your granddaughter Molly for a couple weeks now on an app called Fastmeet, and also texting Today I was going to meet her to teach her what she wanted to know sexually. I am deeply regretful that I have done this and can assure you that I will never do it again. I'll be deleting my account from the app and delete the app from my phone. I am done going on dating apps and looking to meet people... this goes for anybody.
>
> again I am extremely sorry,
>
> Daniel Hays

Hays' actions are not deserving of a harsh guideline sentence. Yes, he should be punished, but he should not be grouped with others who commit far worse offenses. Similar offenders in state cases receive far less time for crimes where actual children were physically abused or raped.[2] This did not happen here. A guideline sentence in this instance would represent a disparity between Hays and other similarly-situated defendants.

---

[2] This month, in a local story that made national headlines, an affluent teenage defendant was sentenced as an adult in Lockport for raping four teenage girls at house parties. In spite of violating his release conditions by looking at pornography, he was sentenced to probation by the state judge in his case. *See* https://www.cnn.com/2021/11/21/us/chris-belter-assault-sentence/index.html; https://www.nytimes.com/2021/11/18/nyregion/christopher-belter-rape-sentence.html

3. **The Defendant**

Daniel Hays is a 42-year-old resident of Western New York. He has no criminal history.

Hays has lived most of his life in the Southern Tier and has been estranged from his wife, Naomi, since before his arrest. At the time of his crime, he was living with his sister in Chaffee, New York. Hays has a 15-year-old son (with Naomi) and another 21-year-old son who he has no contact with.

Hays had a good job as a machine operator until he was laid off in 2020 because of the pandemic. He had been working for 14 years at the same place to provide for himself and his family. He was, in short, a productive and contributing member of society. To say that Hays made a mistake is an understatement. He asks that court to realize that this is not indicative of the regular way that he has conducted himself throughout his life. His texts and actions to meet with the undercover were aberrant conduct in an otherwise law-abiding and very productive life.

Hays will have to pay the price for his lapse of judgment. He will have to serve at least five years in prison for his actions, now have a felony conviction, and will have to register as a sex offender in New York State when he gets out of custody. He also will have to be on federal supervised release for a lengthy term and this will include sex offender treatment, as well as computer monitoring. All of these are collateral consequences that the Court should consider in adjudging its sentence.

There is nothing to indicate that Hays will ever re-offend or pose a danger to the community. This is his first offense and he has learned his lesson the hard way. He also took responsibility for his actions early – only two months passed between his arrest and guilty plea – and saved the Court and the government time and resources.

## CONCLUSION

Hays fully accepts responsibility for his crime and he admits he should have known better. In sentencing him, he asks that you consider the sentencing guidelines, his crime and himself as a person. Hays is deeply sorry for the harm he caused, as well as the shame that he brought on his own family and especially his teenage son. He asks that the Court sentence him to the minimum prison sentence in this case – **60 months of confinement**, followed by a term of supervised release with the strict conditions noted on pages 18-19 of the PSR. This would be an adequate and individualized sentence for him in accordance with the 18 U.S.C. § 3553(a) factors.

Furthermore, Hays asks that the Court recommend to the BOP that he be housed as close to Chaffee, New York, as possible, so that he may try to rebuild his family connections. Thank you for your consideration of his position.

**DATED**: Rochester, New York, November 22, 2021

Respectfully submitted,

**/s/  Steven Slawinski**
Steven Slawinski
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main St., # 400
Rochester, NY 14614
(716) 551-3341, (716) 551-3346 (Fax)
Steven_slawinski@fd.org
Counsel for Defendant Daniel Hays


**TO:**   Kyle Rossi
Assistant United States Attorney

Jessica Rider
United States Probation Officer

# EXHIBIT A

Friday 8th of October 2021

To: Judge Geraci,

    Your Honor, I am deeply sorry for doing what I did. I have lost contact with all of my family (even my wife now) I just want to get my time done and over with so I can get back on track with my life. One plus about being incarcerated is that I was finally able to quit smoking, other goals would be getting a good paying job and rebuilding family relationships. This experience has already changed me in the time I've been in jail, this <u>definitely</u> will not happen again because I really hate being confined away from family and friends. Again I am very sorry for committing this crime.

                                Yours truly,
                                Daniel J. Hays
                                Daniel J. Hays